08-2606-ag
Bhuiyan v. Holder

BIA
Bukszpan, IJ
A078 517 743

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of January, two thousand ten.

PRESENT:
GUIDO CALABRESI,
BARRINGTON D. PARKER,
RICHARD C. WESLEY,
        *Circuit Judges*.

_____

MAINNUDDIN BHUIYAN,
        *Petitioner*,

        v.                                        08-2606-ag
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
        *Respondent*.

_____

FOR PETITIONER:          Indra Pal, Brooklyn, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Barry J. Pettinato,
                         Assistant Director; Jennifer R.
                         Khouri, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Mainnuddin Bhuiyan, a native and citizen of Bangladesh, seeks review of a May 2, 2008 order of the BIA, affirming the March 12, 2007 decision of the Immigration Judge ("IJ"), dening his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Mainnuddin Bhuiyan*, No. A078 517 743 (B.I.A. May 2, 2008), *aff'g* No. A078 517 743 (Immig. Ct. N.Y. City Mar. 12, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Although the agency erred in its failure to expressly determine whether Bhuiyan established past persecution, *see*

2

*Beskovic v. Gonzales*, 467 F.3d 223, 227 (2d Cir. 2006), we find that the agency's reasonable finding that Bhuiyan can avoid future persecution by relocating within Bangladesh obviates the need for remand. *See Steevenez v. Gonzales*, 476 F.3d 114, 117-118 (2d Cir. 2007); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006) (holding that remand is futile "when the reviewing court can 'confidently predict' that the agency would reach the same decision absent the errors that were made" (quoting *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395 (2d Cir. 2005)). Even where an applicant for withholding of removal has established past persecution, the presumption of future persecution may be rebutted by a finding that "[t]he applicant could avoid a future threat to his or her life or freedom by relocating to another part of the proposed country of removal and, under the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.16(b)(1)(i)(B).

The BIA's determination that Bhuiyan can avoid future threat to his life by relocating to another part of Bangladesh is amply supported by the record. Bhuiyan testified that he moved to an area of Bangladesh called

3

Sylhet because it was "safe for [him] to stay out of [his hometown]," and lived there for four years without incident. Bhuiyan also testified that he "was doing fine" in Sylhet, and only left because the business he started there was not profitable.  In short, even if Bhuiyan established past persecution, the presumption of future persecution was adequately rebutted by the BIA's reasonable finding that Bhuiyan could relocate within Bangladesh to avoid persecution. See 8 C.F.R. § 1208.16(b)(1)(i)(B); *see also Kambolli v. Gonzales*, 449 F.3d 454, 457 (2d Cir. 2006) (upholding an IJ's denial of relief that was supported in part by a finding that the alien "successfully evaded trouble by relocating within [his country of origin]"). Accordingly, we deny Bhuiyan's petition for review of his application for withholding of removal.

Because Bhuiyan fails to sufficiently challenge the agency's denial of his CAT claim, we deem any such claim waived.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

4

this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____